UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

P.K., parent and next friend of J.K.[1]

   v.                                        Civil No. 08-cv-150-JL

Middleton School District

**O R D E R**

Before the Court is P.K.'s complaint (document no. 1), seeking relief under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 701, et seq.  Because P.K. is proceeding pro se and in forma pauperis, the matter is before me for preliminary review to determine, among other things, whether or not the complaint asserts a claim upon which relief might be

---

[1] Both the Supreme Court and the First Circuit have been presented with the issue of whether pro se parents can represent their minor children in IDEA proceedings, but neither court has definitively resolved the issue.  See Winkelman v. Parma City Sch. Dist., ___ U.S. ___, 127 S. Ct. 1994 (2007); Maroni v. Pemi-Baker Reg'l Sch. Dist., 346 F.3d 247 (1st Cir. 2003).  The Supreme Court did make clear, however, that the rights and interests of parents and their children under the IDEA are co-extensive.  See Winkelman, 127 S. Ct. at 2004 ("IDEA does not differentiate . . . between the rights accorded to children and the rights accorded to parents.").  Consequently, even if P.K. cannot, strictly speaking, represent her minor child in pursuing IDEA claims against the School District, she may pursue her own identical claims in her own right.

granted.  See United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1).  As explained herein, I find that the complaint does state sufficient facts to state a claim under the IDEA, and, therefore, I direct that the complaint be served on the defendant school district.

## Standard of Review

Under this Court's local rules, when a plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review.  LR 4.3(d)(1)(B).  In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded.  See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v.

Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).  All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true.  See id.  This review ensures that pro se pleadings are given fair and meaningful consideration.

### Background

Plaintiff P.K. is the parent of J.K., an eleven year old child.  Plaintiff and J.K. live in Middleton, New Hampshire, which is within the New Hampshire School Administrative Unit 61 area.[2]  J.K. was identified at age three as having educational disabilities.  In addition to educational disabilities, J.K. has been diagnosed with a number of medical conditions, including a documented allergy to latex.  The school district has provided J.K. and P.K. with an individual educational plan ("IEP") to meet J.K.'s educational needs, as well as an individual health plan ("IHP") to meet J.K.'s medical while he is in the school context.

---

[2]School Administrative Unit 61 includes the Middleton School District and the Farmington School District.  Middleton, New Hampshire does not have any schools in it, and Middleton residents go to schools located in Farmington, New Hampshire, but Middleton retains its own School District.  See http://www.sau61.com/html/districts.htm.  While not relevant to my determination on preliminary review, explanation of this arrangement serves to clarify the otherwise confusing issue of which school district is the proper defendant in a suit by a Middleton resident whose child attends a Farmington school.

With an IEP and IHP in place, J.K. attended school in Farmington, New Hampshire from November of 2003 until June of 2006 without incident.

For the 2006-2007 school year, J.K. attended the Henry Wilson Memorial School ("HWMS"), a public elementary school in Farmington, New Hampshire.  P.K. asserts that during that school year, there were a number of incidents where she believed that J.K.'s health was being seriously endangered because the IEP and IHP provisions designed to ensure J.K.'s safety, that were based on J.K.'s medical conditions and allergy to latex, were not being closely followed.  P.K. states that during the school year, she made numerous written and verbal complaints to school district officials.  While those officials never disputed the accuracy of the reported incidents, they never took measures to insure stricter compliance with J.K.'s IEP and IHP.  J.K.'s most recent IEP was created on June 18, 2007.  Shortly after that date, P.K. wrote to school officials and stated that she was withdrawing her consent to that IEP and dispute that IEP, and that she wished to file a due process complaint.

P.K. filed a complaint in August of 2007.  A due process hearing was held on October 25, 2007 and November 14, 2007.  On

December 12, 2007, the hearing officer issued a decision in favor of the school district, finding that none of the incidents alleged resulted in a failure to provide J.K. with a free and adequate public education ("FAPE"), or in any other harm to J.K. Accordingly, the hearings officer found that there was no violation of the IDEA.

P.K. now appeals the hearing officer's decision, asserting as follows:

1. The hearing officer did not consider evidence submitted by P.K. that showed that the school district had been repeatedly notified throughout the school year of incidents which had jeopardized J.K.'s health and safety, despite the fact that the incidents were not disputed by HWMS officials;

2. The hearing officer wrongly found that any concern regarding exposure to harm had been "effectively and proactively" addressed by the school, and that the school's staff were "caring professionals" who took every reasonable precaution to ensure J.K.'s safety and well-being;

3. The hearing officer improperly refused to consider or recognize the fact that between the fall of 2003 until May of 2006 there were no concerning incidents regarding J.K.'s safety,

and that during the 2007-2008 school year, when P.K. had placed J.K. in a private school setting, no concerning incidents occurred.  P.K. alleges this refusal resulted in  the exclusion of relevant evidence from consideration;

    4.   During the due process hearing, the hearing officer permitted testimony from two witnesses that took the form of personal attacks or diatribes against P.K., and that served to prejudice P.K. personally while shedding no light on any relevant issues regarding the provision of a FAPE to J.K. by the school district;

    5.   During the due process hearing, over P.K.'s objection, the hearing officer allowed "surprise" witnesses to testify for the school district, of whom P.K. had not been given notice, and as a result she was not prepared to confront their testimony;

    6.   The hearing officer applied the wrong standard in assessing whether or not violations of J.K.'s IEP and IHP violated the IDEA when he found that minor discrepancies between the directives of the IEP and IHP and the actual provision of services, particularly where no harm is alleged to have been caused by the deviations from the IEP and IHP.  Instead, P.K. argues the hearing officer should have found that the IDEA was

violated where the deviations from J.K.'s IEP and IHP created a significant risk of serious harm to J.K.'s health and safety;

7.   The hearing officer wrongly denied reimbursement to P.K. for J.K.'s private school placement for the 2007-2008 school year on the basis that the placement was not the best place for J.K.  P.K. argues that the hearing officer should have found that the public school had defaulted in its obligations to J.K. under the IDEA, and that she should therefore be reimbursed for any placement that is reasonably calculated to enable J.K. to receive educational benefits, even if it is not the best placement available.

## Discussion

As stated above, this matter is before me for a review of whether or not the complaint, on its face, states any claim upon which relief might be granted.  LR 4.3(d)(1).  To that end, I will not examine the merits of the individual claims, but instead, will determine whether or not P.K. has set forth sufficient facts in her complaint to support an action under the IDEA.  If the complaint proceeds past this preliminary review, the District Judge, in reviewing the administrative decision at issue here, will determine whether the school district has

complied with the IDEA's procedural requirements, and will also consider whether or not the IEP is reasonably calculated to enable J.K. to receive educational benefits. 20 U.S.C. § 1400, see Mrs. B. v. Milford Bd. of Educ., 103 F.3d 1114, 1120 (2d Cir. 1997) (quoting Bd. of Educ. v. Rowley, 458 U.S. 176, 206-07 (1982)).

The IDEA is a federal law which conditions a state's eligibility to receive federal funds for education upon the state's adoption of laws and regulations that make a FAPE available to all of the state's disabled children. 20 U.S.C. § 1412(a)(1). The IDEA defines a FAPE as "special education and related services that – (a) have been provided at public expense, under public supervision and direction and without charge; (b) meet the standards of the State educational agency; (c) include an appropriate preschool, elementary or secondary school education . . . and (d) are provided in conformity with the individualized education program required under Section 1414(d) of this title." 20 U.S.C. § 1401(8). "Special Education" is instruction specially designed to "meet the unique needs of the child," 20 U.S.C. § 1401(25), and "related services" includes supportive services that may be required to assist the child in

deriving benefit from special education services.  20 U.S.C. § 1401(22).

If the parents of a disabled student wish to challenge a local school district's compliance with the IDEA's requirement that a FAPE be provided to the student, they are entitled to an "impartial due process hearing."  20 U.S.C. § 1415(f); 34 C.F.R. § 300.507.  The right to a due process hearing includes the following rights: (1) to have an attorney attend the hearing; (2) present evidence and cross-examine witnesses; (3) require the local school district to disclose expert evaluations; (4) require the state to produce a written or electronic verbatim record of the hearing; and (5) require the hearing officer to produce a written or electronic decision that includes findings of fact. See 20 U.S.C. § 1415(f)(2) & (h).

P.K. asserts that her action arises under the IDEA because the school district violated J.K.'s right to a FAPE by failing to properly execute J.K.'s IEP and IHP and failure to establish an appropriate IEP and IHP.  As a result, she claims, J.K.'s safety and well-being were repeatedly jeopardized.  At the due process hearing held to address P.K.'s concerns, she alleges that she was denied a number of the due process protections to which she was

entitled.  Specifically, P.K. claims that the hearing officer effectively precluded her from admitting evidence at the hearing by refusing to consider it, and similarly denied her the right to cross-examine witnesses by allowing the introduction of testimony of witnesses for whom plaintiff had not received notice.

P.K. argues that J.K. was denied a FAPE because the IEP and IHP were not implemented in such a way that sufficiently protected J.K.'s health and safety.  "Issues of student safety . . . may properly be raised in a substantive challenge under the IDEA. . . . the Act's 'broad language suggests that Congress did not intend to exclude from consideration any subject matter – including safety concerns – that could interfere with a disabled child's right to receive a free appropriate public education.'" A.S. v. Trumbull Bd. of Educ., 414 F. Supp. 2d 152, 178 (D. Conn. 2006) (quoting Lillibask ex rel. Mauclaire v. Conn. Dep't of Educ., 397 F.3d 77, 93 (2d Cir. 2005)).

## Conclusion

As I find that plaintiff has stated claims upon which relief may be granted, and without any comment on the merits of those claims, I order the complaint (document no. 1) be served on the defendant school district.  My review of the file indicates that

plaintiff has filed a summons form for the defendant.  The Clerk's office is directed to issue the summons forms and forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office") the summons, along with copies of the complaint (document no. 1) and this Order.  Upon receipt of the necessary documentation, the U.S. Marshal's office shall effect service upon the defendants.  <u>See</u> Fed. R. Civ. P. 4(c)(2).

The defendants are instructed to answer or otherwise plead within twenty days of service.  <u>See</u> Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the Defendants by delivering or mailing the materials to them or their attorneys, pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

*/s/ James R. Muirhead*
James R. Muirhead
United States Magistrate Judge

Date:    June 17, 2008

cc:      P.K., pro se